DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendants
CITY OF TURLOCK; GREGORY W. ROTON; DUSTIN M. FERREIRA; GABRIEL GONZALEZ; and PAUL INDERBITZEN

Sanjay S. Schmidt (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

Panos Lagos (SBN 61821)
LAW OFFICES OF PANOS LAGOS
5032 Woodminster Lane
Oakland, CA 94602
T: (510) 530-4078
F: (510) 530-4725
e-mail: panos@panoslagoslaw.com

*Attorneys for Plaintiff,*
RANDY BEAVERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY BEAVERS,<br><br>        Plaintiff,<br>v.<br><br>CITY OF TURLOCK, a municipal corporation, Turlock Police Department Officers GREGORY W. ROTON, Individually, DUSTIN M. FERREIRA, Individually, GABRIEL GONZALEZ, Individually, PAUL INDERBITZEN, Individually, and DOES 1 THROUGH 50, Jointly and Severally,<br><br>        Defendants. | Case No.: 1:16-cv-01878-LJO-BAM<br><br>**STIPULATION TO PERMIT PLAINTIFF "FIRST LOOK" AT SUBPOENAED HOMELAND SECURITY RECORDS** |

Plaintiff RANDY BEAVERS ("Plaintiff") and Defendants CITY OF TURLOCK; GREGORY W. ROTON; DUSTIN M. FERREIRA; GABRIEL GONZALEZ; and PAUL INDERBITZEN ("Defendants"), through their respective undersigned counsel, hereby stipulate and agree as follows:

1. Plaintiff alleges, *inter alia*, the following in his Complaint (Dkt. No. 1):

   - "As a result of being wrongfully arrested and suffering physical injuries, BEAVERS lost time from work. Plaintiff endured further substantial mental and emotional distress in worrying whether or not he would be disciplined or terminated from his employment." (Paragraph 20)

   - "Economic damages, including, but not limited to, out of pocket expenses, loss of income, and loss of earning capacity;" (Paragraph 22(a))

2. Defendants wish to subpoena certain records from the Department of Homeland Security, Plaintiff's employer (Plaintiff is employed as a law enforcement agent for Immigration and Customs Enforcement.) Specifically, Defendants seek: (1) wage records; (2) performance evaluations; (3) internal affairs investigation related to Plaintiff's incident-related arrest; and (4) any internal affairs investigations for Plaintiff relating to truthfulness, veracity, or bias.

3. The Homeland Security subpoena will be issued following execution of this stipulation. When Homeland Security responds to the subpoena and the records are received by Quest (Defendants' subpoena vendor), Quest will promptly forward the records to Plaintiff's counsel, with a cover letter. The cover letter will include, *inter alia*, the number of pages contained in the records production. If the records received from Homeland Security do not contain consecutive pagination, Quest is authorized to stamp consecutive page numbers on the production. Quest will send a copy of the cover letter only to Defendants' counsel. Quest will also notify Defendants' counsel of the date which it served the records on Plaintiffs' counsel and the method of service (e.g. personal, overnight, U.S. Mail on 12/4/17).

4. Within 10 days of Quest serving the subpoenaed records on Plaintiff's counsel, Plaintiff's counsel must produce the subpoenaed records to Defendants' counsel, via overnight

mail or personal service. In the event Plaintiff's counsel redacts any information from the records (or withholds entire page(s)), Plaintiff's counsel must prepare a privilege log. The privilege log must also be produced within 10 days of Quest serving the subpoenaed records on Plaintiff's counsel, and served on Defendants' counsel via overnight mail or personal service. In other words, both the records and any privilege log must be served the same day.

5. Any privilege log must contain the following information: (1) subject matter or general nature of the information; (2) identity and title/position of the document's author; (3) date of the document; (4) the specific privilege asserted; and (5) a brief summary of facts supporting the privilege claim.

In the event entire page(s) is/are withheld, the log must also specify the page number(s) of the withheld page(s).

In the event the allegedly privileged material was transmitted, the log must also identify: the date(s) it was transmitted; and names(s) and address(es) of all recipients.

6. If Defendants contest any assertion of privilege, they control the means of discovery dispute resolution, either: (1) informal briefing and hearing before Judge McAuliffe (see Paragraph 6 of Judge McAuliffe's Standing Order); or (2) formal briefing and hearing under Local Rule 251.

Whichever method of discovery dispute resolution is utilized, each side retains its rights under Eastern District Local Rule 303(c).

7. Upon execution of this stipulation, Defendants will advise Quest in writing of this "First Look" Agreement and provide Plaintiff's counsel a copy of the notification. The notification will occur before the Homeland Security subpoena is issued.

8. If, notwithstanding the terms of this Agreement, any subpoenaed records are provided directly to Defendants or their counsel (either by Quest or Homeland Security), Defendants and their counsel agree not to view any such records (or to stop reading as soon as Defendants or their counsel realize the records are the Homeland Security ones in question).

9. If such a circumstance as described in Paragraph 8 occurs, Defendants and/or their counsel will immediately provide the records to Plaintiff's counsel and the process will proceed

as specified in Paragraphs 5 and 6.

10. Any records produced by Homeland Security in response to the subpoena are designated by Plaintiff as "Confidential" under the parties' stipulated protective order (Dkt. 15.)

IT IS SO STIPULATED.

Dated: November 20, 2017

LAW OFFICES OF SANJAY SCHMIDT AND
LAW OFFICES OF PANOS LAGOS
HAZELWOOD & WERTH, LLP

By: _/s/ Sanjay Schmidt_
SANJAY SCHMIDT
Attorneys for Plaintiff
RANDY BEAVERS

Dated: November 20, 2017

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: _/s/ Kevin P. Allen_
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
CITY OF TURLOCK; GREGORY W. ROTON; DUSTIN M. FERREIRA; GABRIEL GONZALEZ; and PAUL INDERBITZEN

ORDER

The parties' Stipulation to Permit Plaintiff "First Look" at Subpoenaed Homeland Security Records is HEREBY APPROVED in its entirety.
IT IS SO ORDERED.

Dated: **November 21, 2017**        /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

205979.1